IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT KING MALLARD, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| KEVIN ROBERTS, GEORGE LASTER, | : | CIVIL ACTION NO. 1:05-cv-2(WLS) |
| EMMET GRISWOLD, DR. JIMMY | : | |
| GRAHAM, ALAN A. ADAMS, | : | |
| RAYMOND HEAD, and JOHN & JANE | : | |
| DOE, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **ROBERT KING MALLARD**, an inmate presently confined at Lee State Prison in Leesburg, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A.  28 U.S.C. § 1915A

Notwithstanding the full payment of the filing fee, this Court must dismiss this case if it finds that the action: "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1).  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

To prevail on a section 1983 claim, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff's factual allegations begin with his slip and fall accident. Plaintiff alleges that on February 11, 2003, while he was carrying two stacked chairs to the downstairs TV room, he slipped and fell on metal prison stairs which were being cleaned by "unsupervised and untrained" dorm orderlies. Plaintiff fell hard, striking his upper and lower spine. Plaintiff believes that the accident occurred because the orderlies failed to post "caution" signs in the area to warn inmates that the stairs were wet. Plaintiff claims that he reported "the problem" to defendants Warden Kevin Roberts, Deputy Warden George Laster, and Deputy Warden Emmet Griswold, but they did nothing to correct it.

Additionally, plaintiff complains about the medical care he has received for his back injuries. While plaintiff acknowledges he was treated for his back injuries following his fall, he is allegedly still suffering and barely able to walk. Plaintiff alleges that Roberts, Griswold, and Dr. Jimmy

Graham have been deliberately indifferent to his serious medical needs in that they: 1) failed to order an MRI; 2) failed to send plaintiff to a specialist; and 3) failed to treat him properly by giving plaintiff "all kinds of pills," which provide no relief and caused a loud ringing inside of plaintiff's head. Plaintiff believes that his requests for an MRI and to see a specialist were denied to avoid medical expenses.

Lastly, plaintiff complains about the grievance process. On May 27, 2004, plaintiff filed grievance number 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 requesting an MRI. The grievance was denied based on a finding that plaintiff was receiving appropriate medical treatment. Plaintiff then filed an appeal with Raymond Head, Manager of the Inmate Affairs Unit of the Georgia Department of Corrections ("GDOC"), who affirmed the denial. Plaintiff alleges, among other things, that the failure of the Doe defendant(s) and Head to allow plaintiff to present evidence in his grievance and their use of misleading information constituted a due process violation. Plaintiff further alleges that Head and Alan C. Adams' (Director, GDOC Corrections Division) failure to establish a policy to show inmates how to successfully appeal grievance denials and establish a system that would require a member of the GDOC Health Services Clinical Team to conduct personal evaluations of prisoners denied MRIs violated plaintiff's due process rights.

Plaintiff requests monetary damages as follows: (1) $10,000.00 in compensatory damages from each defendant; (2) $10,000.00 in punitive damages from each defendant; and (3) $5,000.00 in "mental and emotional" damages from each defendant.

### III. DISCUSSION

#### A. *Slip and Fall Claim*

Plaintiff's claims that Roberts, Laster, and Griswold are liable for plaintiff's slip and fall accident are frivolous. Slip and fall accidents do not give rise to federal causes of action. *See e.g., LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *Denz v. Clearfield Co.*, 712 F. Supp. 65, 66 (W.D.Pa.1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D. W.Va.1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); *Robinson v. Cuyler*, 511 F. Supp. 161, 162, 163 (E.D. Pa.1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen); *Tunstall v. Rowe*, 478 F. Supp. 87, 88, 89 (N.D. Ill.1979) (finding no Eighth Amendment violation based on greasy prison stairway).

Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury. *Daniels v. Williams*, 106 S. Ct. 662 (1986). To amount to a violation of the Constitution, the officials' actions must be deliberate or reckless in the criminal sense. *Whitley v. Albers*, 475 U.S. 312 (1986). Although plaintiff's complaint is couched in language of both "negligence" and "deliberate indifference," he has alleged no actions on the part of defendants Roberts, Laster, and Griswold which could be construed as deliberately causing plaintiff to slip and fall. Plaintiff's allegations, at most, state a negligence claim for failing to post "wet floor" warning signs and are, therefore, not cognizable under section 1983.

While plaintiff may have a cause of action in state court for negligence, he has not shown a constitutional violation under section 1983. Consequently, it is hereby **RECOMMENDED** that

plaintiff's slip and fall claim be **DISMISSED**. Because plaintiff's slip and fall allegations comprise the sum of all claims against Deputy Warden Laster, it is likewise **RECOMMENDED** that Laster be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. Medical Claim

Plaintiff claims that since his accident, he has received inadequate medical care for his back injuries. Despite the fact that plaintiff has presented little detail to support his claim of deliberate indifference by defendants Roberts, Griswold, or Dr. Graham, the undersigned is unable to say at this time that plaintiff's complaint against said defendants is without merit. Therefore, the Court will allow, by separate order, plaintiff's medical claim against defendants Roberts, Griswold, and Dr. Graham to go forward.

### C. Grievance Claim

As to plaintiff's grievance-related claims, there is no constitutional right to an inmate grievance system. *See **O'Bryan v. County of Saginaw***, 437 F. Supp. 582, 601 (E.D. Mich. 1977). Federal law does not mandate investigations into grievances filed by inmates. If a state prison system does provide a grievance mechanism, violations of its provisions do not deprive prisoners of federal constitutional rights. ***Spencer v. Moore***, 638 F. Supp. 315 (E.D. Mo. 1986). Although plaintiff makes various allegations relating to his grievance claims, none of such allegations are cognizable under section 1983 because his allegations do not rise to the level of constitutional claims.

Accordingly, it is **RECOMMENDED** that plaintiff's grievance claims be **DISMISSED**. Because plaintiff's grievance allegations comprise the sum of all claims against John and Jane Does, Raymond Head, and Alan C. Adams, it is likewise **RECOMMENDED** that they be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

**SO RECOMMENDED**, this 6th day of April, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE