IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT KING MALLARD, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | 1:05-CV-02(WLS) |
| | : | |
| KEVIN ROBERTS, EMMET GRISWOLD, | : | |
| and DR. JIMMY GRAHAM, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

This is a § 1983 action brought by a State of Georgia prisoner presently housed at Lee State Prison. Presently pending is plaintiff's "Motion to Appoint Counsel for $3,000.00 to $5,000.00 Retainer Fee to Represent the Case and allow Counsel to Serve the Complaint or the Court." Plaintiff has also filed a document titled "Motion for Reconsideration of the Magistrates [sic] Order Dated April 6th, 2005, and Extension of Time to Serve the Defendants and Disqualification 28 U.S.C. 455 [sic]." Also pending is plaintiff's "Amendment to the Objection to the Magistrate Judge Report and Recommendation." Both of theses "motions" are directed in large part to plaintiff's repeated requests for appointed counsel. This order will address the motion for appointed counsel and those portions of the other motions set out above dealing with the appointment of counsel.

Plaintiff is not indigent and has thus paid the full civil filing fee. In fact, on May 2, 2005 plaintiff had the sum of $25, 430.26 on deposit in his inmate trust account (exhibit 2, Amendment to the Objection to the Magistrate Judge Report and Recommendation). As a non-indigent party he does not qualify to proceed *in forma pauperis* and he does not therefore qualify

to have an attorney appointed by the court.  Although Congress has enacted legislation providing for appointed counsel for indigent parties in civil cases, that body has not yet seed fit to provide the necessary funding to pay appointed civil attorneys as it has in the case of appointed criminal attorneys.  Thus the court has no choice but to **DENY** plaintiff's motion for appointed counsel as well as those portions of the above cited documents filed by the plaintiff in which he again seeks appointed counsel.

The court declines to appoint counsel and then order the plaintiff to pay that attorney.  To do so might amount to a total waste of plaintiff's funds in the event that plaintiff's case is without merit.  As a favor to the court a local attorney with experience in § 1983 matters met with the plaintiff to see if he would be interested in representing the plaintiff on a contractual or retained basis.  That attorney elected not to undertake representation of the plaintiff.

Plaintiff professes not to know how to serve the defendants by mail pursuant to Federal Rule of Civil Procedure 4.  Therefore, by separate order the undersigned is today directing that the United States Marshal for this district serve the by mail in accordance with the provisions of Rule 4.  Any costs or expense to the United States Marshal will be paid by the plaintiff.

SO ORDERED, this 13th  day of June 2005.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE