IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROBERT KING MALLARD, | : |
| Plaintiff, | : |
| vs. | :    1:05-CV-02(WLS) |
| KEVIN ROBERTS, EMMET GRISWOLD, and DR. JIMMY GRAHAM, | : |
| Defendants. | : |

**O R D E R**

    Presently pending in this *pro se* § 1983 action is plaintiff's motion seeking reconsideration of the orders entered by the undersigned on June 13, 2005, and June 15, 2005.  On June 13, 2005, the undersigned entered two orders in this matter, one directing that the United States Marshal for this district serve the defendants even though the plaintiff is not indigent and therefore does not qualify to have the Marshal perfect service, and one denying the appointment of counsel for this plaintiff, again because he is not indigent.  In view of the fact that the plaintiff has been complaining that he does not know how to serve the defendants by mail in accordance with the dictates of Federal Rule of Civil Procedure 4 it will be here assumed that plaintiff is seeking reconsideration of the order denying appointment of counsel.  On June 15, 2005, the undersigned entered and order denying plaintiff's motion to reconsider the recommendation of April 6, 2005, that certain claims and defendants be dismissed from this lawsuit.  In that order the undersigned also denied plaintiff's motion that he recuse himself, filed by plaintiff because he did not like certain rulings made by the court.

    The court has once again carefully considered the motions and orders entered thereon for

which the plaintiff seeks reconsideration.  The court finds that the orders were proper, appropriate and correct when entered and the motion for consideration is therefore **DENIED.**

Regarding plaintiff's request for appointment of counsel, the court is authorized to make such an appointment only in the case of indigency.  Plaintiff does not qualify as an indigent.  The court has had two attorneys meet with plaintiff to determine whether they would represent him. The first attorney did not wish to become involved, the second attorney quoted plaintiff a retainer which plaintiff has evidently elected not to pay.

SO ORDERED, this 20th day of September 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE