**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

ROBERT KING MALLARD,         :
                                   :
        Petitioner               :
                                   :
v.                                 :      1:05-cv-00002 (WLS)
                                 :
KEVIN ROBERTS, et. al.,         :
                                 :
        Respondents       :
_____ :

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge (Doc. 4) filed on April 6, 2005.   It is recommended that: 1) Petitioner's slip and fall claim be dismissed; 2) Petitioner's claims of improper medical care be permitted to go forward; and 3) Petitioner's grievance claims be dismissed. *Id*.   It is also recommended that Defendants Adams, Head, Laster, John Doe, and Jane Doe be dismissed as defendants. *Id*.  Petitioner filed his timely objection to this recommendation on April 14, 2005.  (Doc. 6).

In his recommendation, the Magistrate Judge found that Petitioner's claims that Defendants Roberts, Laster, and Griswold are liable for Petitioner's slip and fall accident are frivolous, in that slip and fall accidents do not give rise to federal causes of action.  (Doc. 4).  It was further found that Petitioner may have a cause of action in state court for negligence, but that he has not shown a constitutional violation under 42 U.S.C. § 1983.  *Id*.  Accordingly, it is recommended that Petitioner's slip and fall claims be dismissed.  *Id*.

As to Petitioner's claims of improper medical care, the Magistrate Judge found that, notwithstanding the lack of detail presented by Petitioner as to his claim of deliberate indifference on the part of the aforementioned Defendants, it may not be proper at this time to reach a finding that Petitioner's claims of improper medical care are without merit.  *Id*. Accordingly, it was recommended that Petitioner's claims of improper medical care be permitted to continue.  *Id*.

Finally, as to Petitioner's grievance-related claims, it was found that there was no constitutional right to an inmate grievance system.  *Id*.  It was further found that federal law does

1

not mandate investigations into grievances filed by inmates.  Citing <u>Spencer v. Moore</u>, 638 F.Supp. 315 (E.D. Mo. 1986), it was found that violations of the provisions of a state prison system's grievance provisions do not deprive prisoners of federal constitutional rights. Therefore, any allegations Petitioner makes relating to his grievance claims are not cognizable under Section 1983 because said allegations do not rise to the level of constitutional claims.  *Id*. Accordingly, it is recommended that Petitioner's grievance claims be dismissed.  *Id*.

Petitioner objects to the Report and Recommendation, alleging that Defendants "made a deliberate (abuse of power) decision not to supervise or train the dorm orderlies to use proper un-mixed cleaning solutions, and the caution signs" and that the same led directly to "an unsafe environment for all prisoners in general and [Petitioner] in particular." (Doc. 6).  Notably, Petitioner asserts deliberate indifference for the first time in the instant objection, and not in the Complaint, where the facts alleged therein suggest a cause of action for negligence.  (*See* Doc. 1). While Fed. R. Civ. P. 72 permits the district court to consider arguments and evidence not submitted to the Magistrate Judge, absent an explanation or justification as to why such arguments or evidence were not previously submitted, the district courts typically decline to consider them upon *de novo* review of a report and recommendation.  *See* <u>Freeman v. County of Bexar</u>, 142 F.3d 848, 852 (5th Cir. 1998).   Indeed, "[d]oing so would invite future litigants to adopt a 'wait and see' approach with respect to the magistrate judge's decision and then, with the benefit of the magistrate judge's opinion, offer a new set of arguments for the district judge to consider."  *See* <u>Sharp v. GMAC</u>, 2005 U.S. Dist. LEXIS 36775 (N.D. Ga. 2005) (*citing* <u>Freeman</u>, 142 F.3d at 852).   Accordingly, Petitioner's objections based on newly stated allegations and arguments, as to the nature of his slip and fall claims are overruled.

Petitioner further objects to the Report and Recommendation, reiterating his claim made in his Complaint, and addressed in the Report and Recommendation, that his grievance-related claims are constitutionally protected.  (Doc. 6).  The Court disagrees.  "As [courts in] other circuits have recognized, there is no constitutional right to participate in grievance procedures." <u>Jackson v. Johnson</u>, 2005 U.S. Dist. LEXIS 21720 (M.D. Ga. 2005), *aff'd*, 2005 U.S. Dist. LEXIS 21686 (M.D. Ga. 2005) (*citing* <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1991); <u>Burt v. Holcombe</u>, 2000 U.S. Dist. LEXIS 18145 (S.D. Ala. 2000)).  Accordingly, Petitioner's objections as to his grievance-related claims are

overruled.

Lastly, Petitioner objects to the Report and Recommendation, claiming the same does not address his motion to appoint counsel.  (Doc. 6).  Additionally, Petitioner filed an unauthorized amendment to the instant objection, in which he reasserts his motion to appoint counsel.  (Doc. 8).  The Court issued an Order on June 13, 2005, in which Petitioner's motion to appoint counsel was denied.  (Doc. 9).  Accordingly, further discussion on Petitioner's third objection is rendered moot and is overruled as such.  To the extent Petitioner requests appointment of counsel in his instant objection, the same is **DENIED** for reasons stated in the June 13, 2005 Order.  *Id*.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 4) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein.

Accordingly, Petitioner's slip and fall claim is **DISMISSED**; Petitioner's claims of improper medical care is **PERMITTED** to go forward; and Petitioner's grievance claims are **DISMISSED**. (Doc. 1).   Defendants Adams, Head, Laster, John Doe, and Jane Doe are **DISMISSED** as defendants.  *Id*.

**SO ORDERED**,  this   __19th__  day of April, 2006.


  /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**